DECISION
In this action, Manufacturers and Traders Trust Company ("MT") moved for summary judgment to dismiss the mechanics lien claim of Gem Mechanical Services, Inc.. M T holds the first mortgage on the real estate.[1] Strever Bros. Eccles Rouse, Inc., ("SBER") joins in this motion.
Gem Mechanical, Inc. ("GEM") performed work on the Royal Mills property in West Warwick from November 2005 to August 2008. SBER, the owner and developer of the property, held back certain monies due to Gem as retainage[2] pending the completion of all work by Gem on the site. Gem issued a notice of intention to claim a mechanics lien on September 4, 2009.
MT claims that the mechanics lien statutes, in derogation of the common law, only establish liens for work done within the previous 200 days, citing R.I.G.L. 1956 § 34-28-4. However, R.I.G.L. 1956 § 34-28-9 specifically deals with the issue of retainage, as follows:
 334-28-9. Effective period of notice. — A notice of lien recorded in the land evidence records pursuant to § 34-28-4 shall be effective for two hundred (200) days prior to the date of filing. A notice of lien shall be effective as to any retainage earned but not paid, for work furnished pursuant to § 34-28-1 et. seq., and said notice of lien shall be effective from commencement of said work. . . .
The issue here is whether § 34-28-9 removes the 200-day restriction for retainages held, that is, whether a mechanics lien filed more than 200 days after the work is done, will lien the property for the amount of retainage held before the 200 days. This issue requires construction of § 34-28-9. *Page 5 
MT contends that regardless of the second sentence, notices for retainage liens expire in 200 days. This contention gives the second sentence of section 9 no significance. If retainage liens were subject to the same 200-day limit, there would be no need for the legislature to discuss retainage at all. Indeed the entire section would be rendered superfluous by such a construction. Rules of statutory construction require each section to be given its meaning. See Retirement Board ofEmployees' Retirement System of Rhode Island v. DiPrete,845 A.2d 270, 279 (R.I. 2004) ("We presume that the General Assembly intended to attach significance to every word, sentence and provision of a statute.").
Here, applying the second sentence of section 9 applies the rational approach of the General Assembly to treat retainages differently. A retainage, by its nature, is held for an extended time and not disputed promptly.
Here, the second paragraph of § 34-28-9 states something quite distinct from the first sentence. Retainage liens are effective "from the commencement of the work." The 200-day limit does not apply to the lien. Gem's lien, filed in September, 2009, applies to all retainage held by the owner, or its agent, on this project.
Accordingly, MT's motion for summary judgment as to Gem Mechanical is denied.
[1] As the mortgagees' interest was subordinated to certain mechanics liens, MT has a stake in this particular issue.
[2] R.I.G.L. 1956 § 34-28-9 defines retainage as a percentage of the total contract amount that is withheld by the owner from the general contractor and by the general contractor from the subcontractor until the entire job is completed and the project is accepted by the owner and by the general contractor, at which time the retainage due is paid.